# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEXTCLIMB INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:26-cv-5593<br><br>Honorable Judge Matthew F. Kennelly |

**NON-PARTY AMAZON.COM, INC.'S *EX PARTE* AND *IN CAMERA* MOTION TO STAY ENFORCEMENT OF ORDER DIRECTING RELEASE OF FUNDS AND FOR FURTHER RELIEF**

## I. INTRODUCTION

Pursuant to the Court's order granting leave to submit its motion *ex parte* and *in camera* (Dkt. 44), non-party Amazon.com, Inc. ("Amazon") respectfully moves this Court for a stay of the Order entered on or about July 2, 2026 (Dkt. 37) (the "Transfer Order"), which directs Amazon to release restrained funds from seller accounts to counsel for Plaintiff NextClimb Investments, LLC ("NextClimb"). Amazon brings this motion because information discovered during its review of the Transfer Order raises substantial questions regarding the factual basis for the requested transfers, including transfers of funds from Defendants' seller accounts that Amazon had previously frozen for reasons independent of this litigation and unrelated to NextClimb's asserted trademark rights.

To be clear, Amazon is not refusing to comply with the Court's Order. It is bringing newly discovered information to the Court's attention and requesting that the Court preserve the status quo before Amazon takes the potentially irreversible step of transferring the restrained funds to

NextClimb's counsel. Once transferred, the funds may be difficult or impossible to recover, particularly if they are thereafter transferred to third parties or outside the United States. Maintaining the status quo preserves every party's rights; releasing the funds potentially impairs them.

[redacted]

[redacted] Amazon respectfully requests that this Court stay enforcement of the Transfer Order and direct NextClimb to submit additional documentation substantiating the settlements and the amounts to be transferred under the Transfer Order.

## II. BACKGROUND AND AMAZON'S ROLE IN SCHEDULE A PROCEEDINGS

Schedule A proceedings are an increasingly common mechanism for trademark holders to pursue infringement claims against large numbers of defendants who typically operate online storefronts. These actions frequently name dozens or hundreds of defendants at once, and courts routinely enter *ex parte* temporary restraining orders ("TROs") that, among other things, direct online stores such as Amazon to restrain funds in the accounts of named defendants.

Amazon's role in these proceedings is that of a non-party custodian. When served with a restraining order, Amazon identifies accounts associated with the named defendants and places holds on available balances. When served with a transfer or release order, Amazon disburses the restrained funds as directed. Ordinarily, service of a TRO causes Amazon to restrain funds that were previously available to the seller. Amazon processes hundreds of such orders annually across numerous cases in this and other districts. As discussed below, however, many, if not all, of the accounts implicated in this case appear to have been subject to independent Amazon enforcement holds before this action was filed.

In this case, NextClimb filed its Complaint on May 14, 2026, asserting trademark infringement claims against the defendants identified on Schedule A. The Court entered a TRO on May 20, 2026, directing Amazon to restrain funds in the defendants' accounts. On July 2, 2026, following purported settlements between NextClimb and all 100 defendants, the Court entered the Transfer Order (Dkt. 37), directing Amazon, within seven days of receiving the Order, to release all amounts then restrained in the defendants' accounts under the Court's order to NextClimb's counsel, up to the individual settlement amounts identified in Exhibit 1 to that Order.

Most recently, on August 11, 2026, NextClimb filed a Status Report advising the Court that Amazon had not completed the transfers and stating that, if the funds were not transferred by

the end of this week, NextClimb would "file an appropriate motion to accelerate the process." (Dkt. 40.) Amazon files this motion now because its review of the Transfer Order and subsequent investigation have identified information that warrants bringing these issues to the Court before any further transfers occur.

## III. INFORMATION DISCOVERED DURING AMAZON'S REVIEW OF THE TRANSFER REQUEST

### A. The Affected Accounts Were Frozen Before This Litigation for Reasons Unrelated to NextClimb's Asserted Trademark Rights

Amazon's internal records reveal that many, if not all, of the seller accounts subject to the Transfer Order in this case appear to have had funds restricted by Amazon for independent enforcement reasons before NextClimb filed this action. Amazon's account-by-account investigation remains ongoing. Specific examples from this case (No. 26-cv-5593) include: ApexLink851 (Seller ID ANGGDKTTKJ8LL), blocked April 24, 2025, for suspected counterfeit activity—more than one year before the TRO issued on May 20, 2026; ApexLink629 (Seller ID A3A612005200GQ), blocked December 10, 2025, under an infringement hold for a different brand (Monster Energy) unrelated to NextClimb; ApexLink049 (Seller ID AXO8SRJ2O8XM), blocked January 2, 2026, under Amazon's SHERPA enforcement program; and ApexLink328 (Seller ID A1YN3P1VGXYELA), blocked April 20, 2026, for fraud patterns including buyer deception and fund extraction. (Musil Decl. ¶ 9.) These examples show that the litigation did not create the restraint on those funds; the restraint already existed for reasons independent of this litigation and unrelated to NextClimb's asserted trademark rights. The Transfer Order, if fully implemented, would therefore result in the transfer to NextClimb's counsel of funds that were subject to pre-existing Amazon enforcement restrictions unrelated to NextClimb or this litigation.

[redacted]

**C. Apparent Discrepancies Between Infringement Allegations and Products Associated with Affected Accounts**

Amazon's records further reveal apparent discrepancies between the infringement allegations in the Complaint and the products associated with the affected seller accounts. NextClimb’s trademark (Registration No. 5,903,064) covers HVAC vent covers. Yet, in this case, ApexLink629 (Seller ID A3A612005200GQ) sold DIY Christmas Ornament Kits (ASIN

B0FQTG9G5H), while ApexLink125 (Seller ID A2TY2Y8VDF48) sold platform boots and knee-high boots (ASIN B0FWBZS61S). Amazon's review to date has not identified sales or listings by these sellers involving HVAC vent covers or other products bearing the asserted NEXTCLIMB mark. That apparent disconnect raises a substantial question as to the factual basis for naming those sellers as defendants and for the resulting settlements. (Musil Decl. ¶¶ 16-19.)

[redacted]

[redacted]

<u>This Court's own observations</u>. On June 25, 2026, in a minute entry, the Court required documentary support for the purported settlements and noted that "a single lawyer has appeared for 100 separate defendants, all at once, actually raises as many questions in the Court's mind as it answers." (Dkt. 33.) On June 30, 2026, five days later, Plaintiff filed a joint motion, signed by both

defense counsel Bole Yuan and NextClimb's counsel, Shaoyi Che of YoungZeal LLP, for an order directing Amazon to release all restrained funds in the defendants' accounts to Plaintiff's counsel. (Dkt. 34.) On July 2, 2026, the Court entered the Transfer Order. (Dkt. 37.) [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## IV. A TEMPORARY STAY IS NECESSARY TO PRESERVE THE COURT'S ABILITY TO PROVIDE MEANINGFUL RELIEF

The need for an immediate stay is straightforward: once the funds are transferred, Amazon no longer controls them. The risk of dissipation is substantial given that the funds, once transferred,

would no longer be subject to any restraint. If the funds are transferred [redacted], recovery may be difficult or impossible, substantially impairing the Court's ability to provide meaningful relief.

Pursuant to the Transfer Order, Amazon has already completed the first stage of the payment process by debiting a total of $711,529.44 from the 100 defendant seller accounts. Those funds are currently being held in an Amazon-controlled account. Amazon has not completed the second stage of the payment process, which would involve transferring the $711,529.44 to NextClimb's counsel. After identifying the concerns described in this motion, Amazon suspended further processing pending guidance from the Court. (Musil Decl. ¶¶ 30–32.) Thus, the entire $711,529.44 remains within Amazon's control and can be preserved while the Court considers whether further inquiry is warranted.

[redacted] A stay will allow the Court to evaluate the information presented here and determine whether further inquiry is warranted, without prejudicing any party whose claims are legitimate.

By contrast, if the Transfer Order is enforced and the $711,529.44 is transferred to NextClimb's counsel, the Court's ability to provide effective relief may be substantially impaired. Maintaining the status quo preserves the parties' rights; releasing the funds potentially impairs them. The risk of prejudice therefore strongly favors maintaining the status quo.

## V. THE COURT HAS AUTHORITY TO PRESERVE THE STATUS QUO AND PROTECT THE INTEGRITY OF ITS PROCEEDINGS

Federal courts possess inherent authority to manage their proceedings and protect the integrity of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). That authority arises from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. It also includes authority to address potential abuse of the judicial process. *See Chambers*, 501 U.S. at 44-46.

The Court also has authority to revisit the Transfer Order. Federal Rule of Civil Procedure 54(b) expressly provides that an order that does not adjudicate all claims as to all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Transfer Order is interlocutory and remains subject to revision by the Court.

## VI. THE BALANCE OF EQUITIES FAVORS MAINTAINING THE STATUS QUO

The balance of equities favors maintaining the status quo while the Court considers the issues raised in this motion. A brief stay imposes minimal prejudice on NextClimb if its claims and settlements are legitimate, while transfer of the funds could substantially impair the Court's ability to provide meaningful relief if further inquiry confirms Amazon's concerns.

Harm to Amazon absent a stay. Amazon will be compelled to transfer funds pursuant to an order that it has substantial reason to believe may not rest on an accurate factual foundation, potentially facilitating misuse of its store and the Court's processes, and undermining Amazon's independent enforcement actions.

Harm to NextClimb from a stay. If NextClimb's claims and settlements are legitimate, the only harm from a brief stay is a short delay in receiving funds. The funds remain secure in Amazon's custody, and any prejudice resulting from a short delay is substantially outweighed by the risk that disbursement could impair the Court's ability to provide effective relief.

The public interest. The public has a strong interest in the integrity of judicial proceedings. Schedule A cases serve an important function in protecting intellectual property rights. [redacted] The Court's willingness to investigate and, if warranted, act decisively will reinforce the integrity of these proceedings.

In sum, maintaining the restraint preserves every party's rights; transferring the funds potentially impairs them.

## VII. REQUESTED RELIEF

For the foregoing reasons, Amazon respectfully requests that the Court:

1. Stay enforcement of the Transfer Order (Dkt. 37) pending further order of the Court and direct Amazon to continue holding the $711,529.44 in the Amazon-controlled account pending further order of the Court;

2. Direct NextClimb and its counsel, Shaoyi Che of YoungZeal LLP, to submit additional documentation to the Court and Amazon substantiating the settlements and the amounts to be transferred under the Transfer Order;

3. Permit Amazon to supplement this submission, if appropriate, after reviewing the additional materials submitted by NextClimb; and

4. Grant such other and further relief as this Court deems just and appropriate.

Dated: August 26, 2026

Respectfully submitted,

By: /s/ *Thomas Holt*

**KILPATRICK TOWNSEND & STOCKTON LLP**
Thomas L. Holt
Jeremy Buxbaum
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3204
Telephone: (312) 268-1705
Email: tholt@ktslaw.com
Email: jbuxbaum@ktslaw.com

*Attorneys for Third-Party Amazon.com, Inc.*